FILED
2020 Mar-30 PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT FLETCHER STANFORD, SR., et al.,** | ] ] ] | |
| Appellants, | ] ] | |
| v. | ] ] | 2:19-cv-01901-ACA |
| **SERVISFIRST BANK,** | ] ] | |
| Appellee. | ] | |

## MEMORANDUM OPINION

Before the court is Appellee ServisFirst Bank's ("ServisFirst") motion to dismiss the appeal as moot. (Doc. 18). Because the property at issue in this appeal has already been sold, the court **WILL GRANT** the motion and **WILL DISMISS** the appeal as moot based on 11 U.S.C. § 363(m).

### I.  BACKGROUND

Appellants Robert Stanford, Sr., and Frances Stanford (collectively, "the Stanfords"), are debtors in a bankruptcy proceeding. They own a company called American Printing Company, Inc. ("APC"), which is a debtor in a separate bankruptcy proceeding. Before the Stanfords and APC declared bankruptcy, they had each borrowed money from ServisFirst, and each served as guarantor for the other. (*See* Doc. 15-1 at 5–6, 12–59). The Stanfords secured their loans with the

real property at issue in this appeal, which the parties call the "Industrial Lane Property." (*Id.* at 72–98; *see also* Doc. 15 at 2; Doc. 15-3 at 2, 45). In total, according to ServisFirst, APC and the Stanfords owed ServisFirst $12,170,002.28. (Doc. 15-1 at 5–6; *see also* Doc. 15-2 at 4).

After the Stanfords and APC each declared bankruptcy, APC, in its separate bankruptcy case, sought permission from the bankruptcy court to acquire a "debtor-in-possession" loan of up to $13,170,002.28, which rolled up the $12,170,002.28 that the Stanfords and APC already owed ServisFirst and included an additional $1,000,000. (Doc. 10-11). The bankruptcy court granted that motion. (Doc. 10-13).

About a month later, in their bankruptcy case, the Stanfords moved the bankruptcy court to approve the sale of the Industrial Lane Property to ServisFirst for $3,500,000, subject to "higher or otherwise better bids," for a credit bid against their obligations to ServisFirst.[1] (Doc. 10-14 at 3, 6). After holding a hearing on the motion, the bankruptcy court approved the sale of the Industrial Lane Property to ServisFirst via a credit bid under 11 U.S.C. § 363(k). (Doc. 10-3 at 6). In doing

---

[1] Another court has described a "credit bid" as a process that "allows for a creditor with a secured interest in a property that is the subject of a foreclosure sale to make a bid at that sale up to the amount of its claim. If the creditor wins the foreclosure sale, he may offset his claim against the purchase price of the property." *Trauner v. State Bank & Tr. Co.*, No. 1:12-cv-03761-JEC, 2013 WL 5350611, at *1 (N.D. Ga. Sept. 23, 2013) (citing 11 U.S.C. § 363(k)).

so, the bankruptcy court expressly found that ServisFirst "is a good faith purchaser under Section 363(m) of the Bankruptcy Code." (*Id.* at 3 ¶ H).

The same day that the bankruptcy court entered the order approving the sale, the Stanfords moved to amend the sale order and to stay the sale. (Doc. 10-16). They argued that APC's debtor-in-possession loan converted ServisFirst's secured claims against them and APC into administrative expense claims against APC alone, and that ServisFirst never required them to execute a guaranty of the debtor-in-possession loan obligations, so that they no longer had any pre-petition obligations to ServisFirst. (*Id.* at 2–4; Doc. 10-65 at 5–6, 9). And, according to the Stanfords, because APC's debtor-in-possession loan satisfied their pre-petition obligations, ServisFirst no longer held the mortgage on the Industrial Lane Property (doc. 10-16. at 4–5; doc. 10-65 at 7–8), and was no longer authorized to credit bid because it was no longer a secured creditor (doc. 10-18 at 4). ServisFirst objected on various bases. (Doc. 10-17 at 5; Doc. 10-65 at 10–11).

The bankruptcy court denied the motion to amend, explaining that APC's debtor-in-possession loan simply rolled up all of its obligations as a borrower and as a guarantor, without divesting the Stanfords of their obligations to ServisFirst. (Doc. 10-19; Doc. 10-61 at 15–17). The bankruptcy court also denied the motion based on law of the case, judicial estoppel, and equitable estoppel. (Doc. 10-61 at 17–18).

The Stanfords filed a notice of appeal of the sale order and of the order denying amendment of the sale order. (Doc. 1-2).

The Stanfords then petitioned the bankruptcy court for an order staying the sale pending the resolution of their appeal. (Doc. 10-21). The bankruptcy court granted a stay conditioned on the Stanfords' posting a $1.5 million supersedeas bond. (Doc. 10-8 at 2). Instead of posting the bond (*see* doc. 9), the Stanfords filed in this court a motion to vacate the bond (doc. 3). This court found as moot the motion to vacate because of the Stanfords' failure to post the bond. (*Id.*).

The following day, ServisFirst asked the bankruptcy court to compel the Stanfords to comply with the sale order. *In re Stanford*, case no. 19-br-1846-TOM11, Doc. 219 (N.D. Al. Bankr. Jan. 8, 2020).[2] While that motion was pending, the Stanfords moved this court for a stay of the sale pending the resolution of this appeal. (Doc. 13). The court denied the motion to stay the sale because the Stanfords did not meet their burden of establishing a substantial likelihood of success on the merits of their claim that the bankruptcy court erred in entering the sale order or in denying their motion to amend the sale order. (Doc. 16). The next day, the bankruptcy court granted ServisFirst's motion to compel and ordered the Stanfords

---

[2] The appendix filed in this case does not contain any bankruptcy case records filed after January 8, 2020. The court will cite any bankruptcy court records that are not contained in the appendix as "Bankruptcy Doc. ___."

4

to execute a deed conveying the property to ServisFirst. (Bankruptcy Doc. 231 at 3). The Stanfords have complied with that order. (Doc. 18-1).

## II. DISCUSSION

ServisFirst moves to dismiss this bankruptcy appeal as moot under 11 U.S.C. § 363(m). (Doc. 18).

Section 363 provides guidelines for the use, sale, or lease of a bankruptcy estate's property. *See* 11 U.S.C. § 363(b), (c). Section 363(m) provides that, if a sale or lease authorized under § 363(b) or (c) is completed by an entity acting in good faith, this court's reversal or modification of the authorization will not affect the validity of the sale or lease. "Because this provision prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay renders the appeal moot." *In re The Charter Co.*, 829 F.2d 1054, 1056 (11th Cir. 1987).

Here, the bankruptcy court authorized the sale of the Industrial Lane Property under 11 U.S.C. § 363. (Doc. 10-3). The bankruptcy court expressly found that ServisFirst was a "good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, [ServisFirst] and its representatives are entitled to all the protections afforded thereby." (*Id.* at 3 ¶ H). And although the Stanfords initially obtained a conditional stay in the bankruptcy court, they failed to fulfill the condition of that stay, making it moot. (*See* Doc. 9). Thereafter, they were unsuccessful in

their attempt to obtain a stay from this court. (Doc. 16). And, without a stay, the sale was completed. Accordingly, under § 363(m), this appeal is moot.

The Stanfords contend that § 363(m) does not apply because (1) ServisFirst was not a good faith purchaser and (2) ServisFirst was not authorized to purchase the property under § 363(k). (Doc. 23). Both of these arguments amount to an attempt by the Stanfords to circumvent § 363(m) by requiring the court to determine the merits of their appeal. (*See id.* at 3–9). But in any event, both arguments fail. The first argument fails because the bankruptcy court expressly found that ServisFirst was a good faith purchaser (doc. 10-3 at 3 ¶ H), and the Stanfords' arguments about why the court should disregard that factual finding are unpersuasive.

With respect to the second argument, the Stanfords argue that under Eleventh Circuit precedent, this court must first answer the question whether the property sale was authorized under § 363(k). (Doc. 23 at 7–9) (citing *Matter of Saybrook Mfg. Co., Inc.*, 963 F.2d 1490 (11th Cir. 1992)). But *Saybrook* is distinguishable. In that case, chapter 11 debtors owed a creditor millions of dollars, but the collateral for the debt was worth substantially less than the debt. *Saybrook*, 963 F.2d at 1491. The debtors and creditor "cross-collateralized" the pre-petition debt by agreeing on a post-petition loan that was secured by all of the debtors' property. *Id.* This effectively allowed the undersecured creditor to become fully secured. *Id.* Other

unsecured creditors, understandably, objected, arguing that "cross-collateralization" was not authorized under 11 U.S.C. § 364. *Id.* at 1492.

Section 364, like § 363, contains a provision that prevents an appellate court's reversal or modification "of an authorization" under § 364 from affecting the validity of any debt incurred under such an authorization. 11 U.S.C. § 364(e). Because the debt had already been incurred, the district court dismissed the unsecured creditors' appeal as moot. *Saybrook*, 963 F.2d. at 1492–93. The Eleventh Circuit held that, to determine whether § 364(e) made the appeal moot, it had to determine whether § 364 authorized "cross-collateralization" at all. *Saybrook*, 963 F.2d at 1493. And, finding that § 364 did not authorize that practice, the Court went on to hold that § 364(e) was not applicable, so the appeal was not moot. *Id.*

The Stanfords argue that under *Saybrook*, this court must determine whether ServisFirst was, in fact, a secured creditor with a right to credit bid under § 363(k) before the court can apply § 363(m) and find the appeal moot. (Doc. 23 at 7–9). But this case is distinguishable from *Saybrook*. For one thing, the Stanfords do not contend that § 363 prohibits credit bidding as a practice; they merely argue that ServisFirst did not qualify to credit bid. (*See id.*). In *Saybrook*, by contrast, the debtors engaged in a practice that the Bankruptcy Code does not authorize at all. This makes sense. Sections 363(m) and 364(e) provide that an error in the application of §§ 363 and 364 cannot affect certain transactions authorized by the

7

Bankruptcy Code by an entity that has purchased, leased, or lent credit in good faith. Those sections do not shield from review unauthorized transactions that are couched as authorized transactions.

Here, the Stanfords do not assert that credit bidding is unauthorized under the Bankruptcy Code; to the contrary, § 363(k) specifically allows that practice. The Stanfords argue only that ServisFirst did not qualify to credit bid. This court need not engage in the analysis whether ServisFirst was qualified to credit bid under § 363(k) because even if the court found that ServisFirst was not so qualified, a reversal of the sale order would not affect the validity of the sale.[3] 11 U.S.C. § 363(m). Accordingly, § 363(m) prevents this court from granting effective relief, and this bankruptcy appeal is moot. *See The Charter Co.*, 829 F.2d at 1056.

### III. CONCLUSION

The court **WILL GRANT** ServisFirst's motion to dismiss the appeal as moot and **WILL DISMISS** the appeal. The court will enter a separate final order consistent with this memorandum opinion.

---

[3] The court notes that even if the Stanfords were correct that APC's post-petition loan from ServisFirst somehow satisfied the mortgage on property the Stanfords owned (a position the court is *not* adopting), ServisFirst would still have been allowed to purchase the Industrial Lane Property. If the property was unencumbered by a mortgage, § 363(k) would be inapplicable, and the bankruptcy trustee would have been authorized to sell it under § 363(b) after notice and a hearing.

**DONE** and **ORDERED** this March 30, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE